UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

ROBERT D PENA,

                Petitioner,

v.

JEFFREY A UTTECHT,

                Respondent.

Case No. C17-1918-RSM-MAT

REPORT AND RECOMMENDATION

I. INTRODUCTION

This is a 28 U.S.C. § 2254 habeas action. Respondent's answer asserted, among other things, that petitioner failed to properly exhaust Ground 9 and parts of Ground 5 in the state courts and that those claims are procedurally barred under state law. (Dkt. 25 at 10-12.) These claims allege ineffective assistance of trial counsel for failure to relay a plea deal to defendant (Ground 5) and ineffective assistance of appellate counsel (Ground 9). (Dkt. 3 at 20, 27-29.) Currently before the Court is petitioner's motion requesting that the Court stay and abey his habeas petition so that he can attempt to exhaust his state remedies or, in the alternative, grant him an additional 60-90 days to file his response to respondent's answer. (Dkt. 42.) He also asks the Court to appoint counsel, a request the Court already has denied twice. (Dkts. 19, 29, 31, 33.) Respondent opposes

REPORT AND RECOMMENDATION - 1

the motion. (Dkt. 43.) Petitioner did not file a reply.

Having considered the parties' submissions, the balance of the record, and the governing law, the Court recommends that petitioner's motion be GRANTED in part and DENIED in part.[1] Specifically, petitioner's request to stay should be DENIED but his motion for extension of time should be GRANTED in part. The Court also DENIES his third motion to appoint counsel.

## II.   DISCUSSION

A.   Motion to stay

The Court has discretion to hold a habeas petition in abeyance, but it may only do so in "limited circumstances." *Rhines v. Weber*, 544 U.S. 269, 277 (2005). A stay is appropriate only where (1) "the petitioner had good cause for his failure to exhaust," (2) "his unexhausted claims are potentially meritorious," and (3) "there is no indication that the petitioner engaged in intentionally dilatory litigation tactics." *Mitchell v. Valenzuela*, 791 F.3d 1166, 1171 (9th Cir. 2015) (citing *Rhines*, 544 U.S. at 277-78.).

The second element is dispositive of petitioner's motion to stay: The grounds that petitioner failed to properly exhaust are not potentially meritorious because Washington law bars petitioner from further attempting to raise his claims in the state courts. First, under Washington law, "No petition or motion for collateral attack on a judgment and sentence in a criminal case may be filed more than one year after the judgment becomes final if the judgment and sentence is valid on its face and was rendered by a court of competent jurisdiction." RCW 10.73.090(1). Petitioner's judgment became final on June 1, 2015, when the United States Supreme Court denied his petition for writ of certiorari. *See Pena v. Washington*, 135 S. Ct. 2387 (2015); RCW

---

[1] Petitioner's motion to stay must be decided by a District Judge. *See Mitchell v. Valenzuela*, 791 F.3d 1166 (9th Cir. 2015) (holding that Magistrate Judges do not have jurisdiction to rule on motion to stay and abey that is dispositive as to the unexhausted claims).

REPORT AND RECOMMENDATION - 2

10.73.090(3) (explaining when a judgment becomes final).  More than a year has elapsed since this time and none of the exceptions to the one-year limitations period apply here.  *See* RCW 10.73.100.

Second, even if petitioner was able to get around the time bar, a second petition would be barred under Washington's successive petition bar.  *See* RCW 10.73.140 ("If a person has previously filed a petition for personal restraint, the court of appeals will not consider the petition unless the person certifies that he or she has not filed a previous petition on similar grounds, and shows good cause why the petitioner did not raise the new grounds in the previous petition.").  There is no dispute between the parties that petitioner raised the relevant portion of Ground 5 and Ground 9 in his personal restraint petition.  (*See* Dkt. 25 at 11; Dkt. 3 at 21, 29.)  Therefore, he would be unable to raise them in a second petition.

Petitioner suggests that if the Court permits him to return to the state courts, he would file an untimely motion for reconsideration with the Washington Supreme Court.  (Dkt. 42 at 2.)  Because it does not appear that petitioner presented either ground for relief to the Washington Supreme Court (*see* Dkt. 7-1 at 78 (10/27/2017 order from Washington Court of Appeals dismissing Cause No. 77110-8-I, which involved the relevant portion of Ground 5), 68-70 (1/10/2018 order from Washington Supreme Court dismissing Cause No. 93946-2, which appears to have involved the claims raised in Ground 9, because petitioner failed to timely file a motion for discretionary review)), it is unclear what the Washington Supreme Court would have to reconsider.  Moreover, to the extent petitioner sought an extension of time to file a motion for discretionary review, there is nothing in the record to suggest that he would be able to show the

REPORT AND RECOMMENDATION - 3

"extraordinary circumstances" necessary to obtain such an extension.[2]

As there is no avenue by which petitioner could obtain state-court review of the claims at issue here, the Court recommends that his motion to stay and abey be denied and that this matter be re-referred to the undersigned for resolution of the merits of his habeas petition.

B.   Motion for extension of time

Petitioner seeks a 60-90 days extension of time to file his response to the State's answer, which is currently noted for March 29, 2019.  (Dkt. 42 at 3-4.)  Petitioner has previously been granted three extensions of time.  (Dkts. 28, 31, 36.)  If this Report and Recommendation is adopted, the Court recommends that petitioner be ordered to file any response within 21 days and that the State's answer be re-noted accordingly.

C.   Motion to appoint counsel

Petitioner again asks the Court to appoint counsel.  (Dkt. 42 at 4.)  For the same reasons the Court previously articulated in denying petitioner's two other motions to appoint counsel (Dkts. 29, 33), the Court DENIES petitioner's newest request.

### III.   CONCLUSION

The Court recommends that petitioner's motion (Dkt. 42) be GRANTED in part and DENIED in part.  Petitioner's request to stay and abey should be DENIED and his motion for an

---

[2] The Washington Court of Appeals has explained:

> Under RAP 18.8(b), the time for filing a notice of appeal [or motion for discretionary review] will be extended only in extraordinary circumstances and to prevent a gross miscarriage of justice. The rule will not be waived. RAP 1.2(c). "Extraordinary circumstances" include instances where "the filing, despite reasonable diligence, was defective due to excusable error or circumstances beyond the party's control." *Reichelt v. Raymark Indus., Inc.*, 52 Wash. App. 763, 765, 764 P.2d 653 (1988); *Shumway*, 136 Wash.2d at 395, 964 P.2d 349. Negligence, or lack of reasonable diligence, does not amount to extraordinary circumstances. *Beckman v. Dep't of Social & Health Servs.*, 102 Wash. App. 687, 695, 11 P.3d 313 (2000).

*State, Dep't of Soc. & Health Servs. v. Fox*, 192 Wash. App. 512, 525 (2016).

REPORT AND RECOMMENDATION - 4

extension of time should be GRANTED in part.  Petitioner should be ordered to file any response to the State's answer within 21 days of the date the Court rules on this Report and Recommendation, and the Clerk should be directed to re-note the answer accordingly.  A proposed order that details these recommendations accompanies this Report and Recommendation.

Objections to this Report and Recommendation, if any, should be filed with the Clerk and served upon all parties to this suit within **twenty-one (21) days** of the date on which this Report and Recommendation is signed.  Failure to file objections within the specified time may affect your right to appeal.  Objections should be noted for consideration on the District Judge's motions calendar for the third Friday after they are filed.  Responses to objections may be filed within **fourteen (14)** days after service of objections.  If no timely objections are filed, the matter will be ready for consideration by the District Judge on **May 24, 2019**.

Dated this 2nd day of May, 2019.

Mary Alice Theiler
United States Magistrate Judge

REPORT AND RECOMMENDATION - 5